## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

      Plaintiff,

      vs.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 18-376 (RC)

## ANSWER

Defendant, the U.S. Department of Justice ("DOJ"), by and through undersigned counsel, hereby answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.      The first sentence of this paragraph is a characterization of Plaintiff's lawsuit, to which no response is required.   The second sentence consists of a legal conclusion, to which no response is required.

2.      The first sentence of this paragraph is a characterization of Plaintiff's lawsuit and the records Plaintiff seeks, to which no response is required.  The remainder of this paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize Government documents and respectfully refers the Court to the cited Government documents for a complete and accurate statement of their contents.

3.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government document and respectfully refers the Court to the cited Government document for a complete and

accurate statement of its contents.

4.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

5.      The first and third sentences of this paragraph are characterizations of Plaintiff's lawsuit, motives for bringing suit, and prayer for relief, to which no response is required.  The second sentence consists of a legal conclusion, to which no response is required.

6.      This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

7.      This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

8.      This paragraph consists of Plaintiff's characterization of itself and its work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      Defendant admits that the DOJ is a federal agency.  The remainder of this paragraph consists of legal conclusions, to which no response is required.

10.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government document and respectfully refers the Court to the cited Government document for a complete and accurate statement of its contents.

11.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government

document and respectfully refers the Court to the cited Government document for a complete and accurate statement of its contents.

12.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government document and respectfully refers the Court to the cited Government document for a complete and accurate statement of its contents.

13.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize an article and respectfully refers the Court to the cited article for a complete and accurate statement of its contents.

14.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government document and respectfully refers the Court to the cited Government document for a complete and accurate statement of its contents.

15.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a Government document and respectfully refers the Court to the cited Government document for a complete and accurate statement of its contents.

16.     The allegations in this paragraph do not set forth a claim for relief or aver facts in

support of a claim to which a response is required.

17.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize an article and respectfully refers the Court to the cited article for a complete and accurate statement of its contents.

18.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize an article and respectfully refers the Court to the cited article for a complete and accurate statement of its contents.

19.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize an article and respectfully refers the Court to the cited article for a complete and accurate statement of its contents.

20.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize articles and respectfully refers the Court to the cited articles for a complete and accurate statement of their contents.

21.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required,

Defendant avers that the allegations in this paragraph purport to characterize an article and a

Government document and respectfully refers the Court to the cited article and Government

document for a complete and accurate statement of their contents.

22.     This paragraph consists of Plaintiff's characterizations of its motives for bringing

suit, to which no response is required.

23.     The allegations in this paragraph do not set forth a claim for relief or aver facts in

support of a claim to which a response is required.  To the extent a response is deemed required,

Defendant avers that the allegations in this paragraph purport to characterize articles and

respectfully refers the Court to the cited articles for a complete and accurate statement of their

contents.

24.     The allegations in this paragraph do not set forth a claim for relief or aver facts in

support of a claim to which a response is required.  To the extent a response is deemed required,

Defendant avers that the allegations in this paragraph purport to characterize a Government

document and respectfully refers the Court to the cited Government document for a complete and

accurate statement of its contents.

25.     The allegations in this paragraph do not set forth a claim for relief or aver facts in

support of a claim to which a response is required.

26.     The first sentence of this paragraph contains Plaintiff's characterization of its

motives for bringing suit, to which no response is required, except to admit that Defendant

received a FOIA request from Plaintiff dated May 19, 2017.   Defendant respectfully refers the

Court to that request for a complete and accurate statement of its contents.

27.     This paragraph contains Plaintiff's characterization of its FOIA request, to which

no response is required.   Defendant respectfully refers the Court to Plaintiff's FOIA request for

a complete and accurate statement of its contents.

28.     This paragraph contains Plaintiff's characterization of its FOIA request, to which no response is required.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents.  As to the footnote contained in this paragraph, Defendant admits that Plaintiff agreed to withdraw item no. 8 of its request with respect to the Bureau of Prisons ("BOP").

29.     This paragraph contains Plaintiff's characterization of its FOIA request, to which no response is required.   Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents.

30.     Defendant admits that on May 22, 2017, the DOJ Mail Referral Unit ("MRU") acknowledged receipt of Plaintiff's FOIA request and informed Plaintiff that the MRU referred Plaintiff's request to BOP and the Office of Information Policy ("OIP") because these components were the most likely to have the requested records.  Defendant respectfully refers the Court to the MRU's acknowledgement letter for a complete and accurate statement of its contents.

31.     Defendant admits that OIP sent a letter to Plaintiff on June 20, 2017.  Defendant respectfully refers the Court to OIP's letter for a complete and accurate statement of its contents.

32.     Defendant admits that OIP routed Plaintiff's FOIA request to the Office of Legal Counsel ("OLC") on June 20, 2017, notifying OLC that Plaintiff's FOIA request also sought records of interest to OLC.  Defendant respectfully refers the Court to OIP's routing memo for a complete and accurate statement of its contents.  Defendant admits that OLC acknowledged receipt of the request on July 20, 2017.  Defendant respectfully refers the Court OLC's acknowledgement letter for a complete and accurate statement of its contents.

33.     Denies.  Defendant states that OIP routed Plaintiff's FOIA request to the Office of

Justice Programs ("OJP") on June 20, 2017, notifying OJP that Plaintiff's FOIA request also

sought records of interest to OJP.  Defendant respectfully refers the Court to OIP's routing memo

for a complete and accurate statement of its contents.  Defendant further states that OJP

acknowledged receipt of the request on June 29, 2017.  Defendant respectfully refers the Court

OJP's acknowledgement email for a complete and accurate statement of its contents.

34.     Admit.  Defendant respectfully refers the Court OJP's July 27, 2017 email for a

complete and accurate statement of its contents.

35.     Defendant denies the allegations in this paragraph except to admit that BOP

acknowledged receipt of Plaintiff's FOIA request by letter dated June 22, 2017.  Defendant

further states that BOP indicated in its June 22, 2017 acknowledgement letter that it "determined

unusual circumstances exist as the documents responsive to your request must be searched for

and collected from a field office, and/or the documents responsive to your request are expected

to be voluminous and will require significant time to review.  Because of these unusual

circumstances, we are extending the time limit to respond to your request beyond the ten

additional days provided by the statute.  Processing complex requests may take up to nine

months."  Defendant respectfully refers the court to the June 22, 2017 acknowledgement letter

for a complete and accurate statement of its contents.

36.     Defendant admits that following BOP's June acknowledgement letter, Plaintiff

and BOP corresponded by telephone and email.

37.     Defendant admits that in an email dated August 23, 2017, Plaintiff agreed to

withdraw item no. 8 of its request with respect to BOP and offered recommendations for

narrowing item no. 7 of its request.

38.     Defendant admits that on or around October 17, 2017, Plaintiff and BOP reached an agreement as to how BOP would conduct a search for records responsive to item no. 7 of Plaintiff's request.  Defendant respectfully refers the court to the October 16 and 17, 2017 email exchange between Plaintiff and BOP for a complete and accurate statement of its contents.

39.     Defendant admits the first sentence of this paragraph.  Defendant denies the second sentence of the paragraph and further states that BOP indicated to Plaintiff via email on October 31, 2017, that "[d]epending on the documents received, [it] may be able to provide [Plaintiff] some documents through a rolling release," and that BOP would "be able to make that determination after receiving the records."  Defendant respectfully refers the Court to the email from BOP to Plaintiff dated October 31, 2017 for a complete and accurate statement of its contents.

40.     Admit.

41.     Admit.

42.     Defendant admits that the records produced by BOP on January 5, 2018 were responsive only to items nos. 1 and 2 of the request.  Defendant denies the second sentence of this paragraph and states that BOP has initiated searches for the other agreed-upon items of Plaintiff's request for records.

43.     Defendant admits that BOP has not yet supplemented the January 5, 2018 initial production and has not yet provided an estimate of when its search for responsive records held by BOP custodians will be complete.

44.     This paragraph consists of a legal conclusion, to which no response is required. Defendant further states that as of the date of the Complaint, OIP, BOP, JMD, and OLC had not provided Plaintiff with a final determination regarding its FOIA request.

45.     This paragraph consists of legal conclusions, to which no response is required.

46.     Defendant repeats and reincorporates its responses to paragraphs 1–45 of the

Complaint.

47.     This paragraph consists of legal conclusions, to which no response is required.

48.     This paragraph consists of legal conclusions, to which no response is required.

To the extent a response is deemed required, Defendant denies the allegations set forth in this

paragraph.

The remaining paragraph, which includes subparts (1) through (6), constitutes a prayer

for relief, to which no response is required. To the extent a response is deemed required,

Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or

denied.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff is not entitled to compel production of records exempt from disclosure by

one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.


Dated:  March 30, 2018                          Respectfully submitted,

                                                CHAD A. READLER
                                                Acting Assistant Attorney General

                                                ELIZABETH J. SHAPIRO
                                                Deputy Director

                                                 */s/ Ashley A. Cheung*
                                                ASHLEY A. CHEUNG
                                                Trial Attorney (NY Bar No. 5405816)
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Avenue NW
                                                Washington, D.C. 20530
                                                Tel: (202) 616-8267

10

Email: ashley.cheung@usdoj.gov

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2018, I electronically filed the foregoing Answer using

the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: March 30, 2018                    */s/ Ashley A. Cheung*

ASHLEY A. CHEUNG
Trial Attorney (NY Bar No. 5405816)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel: (202) 616-8267
Email: ashley.cheung@usdoj.gov

*Counsel for Defendant*